## CLINCHMORE COAL MINING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9723.

Circuit Court of Appeals, Sixth Circuit.

June 19, 1944. ·

Geo. E. H. Goodner, of Washington, D. C. (Geo. E. H. Goodner and Scott P. Crampton, both of Washington, D. C., on the brief), for petitioner.

F. E. Youngman, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, A. F. Prescott, and F. E. Youngman, all of Washington, D. C., on the brief), for respondent.

Before ALLEN, HAMILTON, and Mc-ALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

The Tax Court of the United States sustained the Commissioner's determination of deficiencies in unjust enrichment taxes, on the ground that the evidence, together with the statutory presumption as applied to the facts, required a finding that petitioner had shifted, to others, the burden of the Guffey Coal Tax.

■ The presumption under which the Tax Court stated it was unable to conclude that petitioner did not pass on to its customers the burden of the tax, is that provided by § 501(e) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code, § 700(e). Under this section, if there is an increase in the margin, for the taxable period, over the average margin for the six taxable years preceding the initial imposition of the tax in question, the taxpayer is presumed to have shifted the tax. According to the statute, the taxpayer may rebut the presumption by proof of the actual extent to which the tax was shifted; but the difficulties in adducing such proof are often, as a practical matter, insurmountable.

According to § 501(f), the "average margin" is the average difference between the selling price and the cost of similar articles sold by the taxpayer *during his six taxable years* preceding the initial imposition of the tax in question. If, *during any part of such six-year period,* the taxpayer was not in business, or if his records for any part of such period are so inadequate as not to furnish satisfactory data, the average margin of the taxpayer for such part of such period, shall, when necessary for a fair comparison, be deemed to be the average margin, as determined by the Commissioner, of representative con-

cerns engaged in a similar business and similarly circumstanced. Section 501(f) (1).

The presumption is based, therefore, on the difference between the margin for the taxable period and the average margin for the six preceding years, as above mentioned. Without the use of an average margin, there could be no statutory presumption; and the average margin is, by statute, founded on the difference between the sales and costs for the six taxable years—neither more nor less—preceding the imposition of the tax, which occurred in 1935. Here, the taxpayer was in business less than 5½ years preceding the year in which the tax was imposed. Its records were inadequate for the year 1929. Neither the Commissioner nor the Tax Court based its computation of the average margin on the six-year period, as required by statute, although the average margin for the period during which petitioner was not in business, could have been supplied by the Commissioner's determination of the average margin for this period, of representative firms engaged in a similar business. Instead, the first year of the base period, 1929, was omitted, and a six-year period different from that prescribed by the statute, was used, consisting of comparable parts of the years 1930 to 1935, inclusive. The last year above mentioned included 5½ months of the year during which the Guffey Coal Tax was imposed. But the statutory presumption was required to be based upon sales and costs of the six taxable years preceding the imposition of the tax in question.

The section of the statute which fixes the base period for the determination of the average margin, does not authorize a shorter period than six years to be considered for that purpose; nor does it authorize, for such purpose, the comparison of the margins of certain seasons of any base or taxable year with another season of the same year, or any other base or taxable year. Pyramid Coal Corp. v. Commissioner, 7 Cir., 138 F.2d 748. The statute required the Commissioner to determine the average margin for that part of such base years, prior to January 1, 1935, not disclosed by petitioner's records, by a fair comparison with the average margin, for such period, of representative concerns engaged in a similar business and similarly circumstanced. It is our conclusion that the statutory presumption is not applicable in this case.

The Tax Court found that in the 12-month period beginning October 1, 1934, which was the yearly period before the Guffey Coal Tax became effective, petitioner had a net realization per ton, of $2.1297, an operating cost per ton, of $1.6058, and an average margin per ton, of $0.5239. During the year October 1, 1935–1936, during which the Guffey Coal Tax was in effect, petitioner had a net realization per ton, of $2.1947, an operating cost per ton, of $1.7255, and an average margin per ton, of $0.4692—or a decrease in average margin per ton in the tax year, of $0.0547, as compared to the previous year. Following October 1, 1935, petitioner incurred increased labor costs of 8 cents per ton to coal loaders, and granted other raises to its day laborers.

Although the Tax Court found that the increased labor costs, during the period in which the coal tax was effective, did not amount to as much as the increased prices during that period, it did find that the increased operating costs per ton (including labor costs) exceeded the increased prices per ton, as compared to the 12-month period before the coal tax became effective. Such operating costs, rather than labor costs alone, should be deducted from the sales prices to ascertain the comparative margins between the year preceding the imposition of the tax, and the tax period, for evidentiary purposes, even in cases where the statutory presumption is not applicable. See Pyramid Coal Corp. v. Commissioner, supra. The company, therefore, as a result of the increase in its costs, lost more than 5 cents a ton on all coal produced during the period in which the coal tax was in effect, as compared to the 12-month period before the tax was imposed. We are of the opinion that this evidence sufficiently discloses that the tax in question was not shifted and collected from the customers of the petitioner.

With the presumption, upon which deficiencies were determined, and the controversy decided, now removed from the case, and in view of the proof that the tax was not shifted by petitioner, it follows that the decision of the Tax Court should be, and is hereby reversed and remanded, with directions to disallow the deficiencies asserted by the Commissioner.